

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 577 | **DATE** | 9/14/2000 |
| **CASE TITLE** | William F. Wendt, Jr. vs. Rodney Slater | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant the Secretary's motion to dismiss [5-1] the complaint and terminate this case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 19 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 SEP 18 PM 1:56 | | |
| TSA *tta* | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. WENDT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00 C 0577 |
| | ) |
| RODNEY SLATER, Secretary, United | ) Honorable Wayne R. Andersen |
| States Department of Transportation, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**
**SEP 1 9 2000**

## MEMORANDUM, OPINION AND ORDER

Pro se Plaintiff, WilliamWendt, ("Wendt") has sued Rodney Slater, Secretary of the United States Department of Transportation, ("the Secretary") complaining that federal funding of local transit systems in Chicago is unconstitutional and requesting that the court halt funding of these systems, or, in the alternative, mandate an Environmental Impact Statement for these projects. Wendt also requests that we order the Secretary to evaluate alternative methods of transportation. The Secretary has moved to dismiss this complaint under Fed. R. of Civ.P. 12 (b)(1) and 12 (b)(6). He argues that Wendt has not demonstrated that he has standing to sue and has not stated a claim upon which relief can be granted. For the reasons stated below, we grant the Secretary's motion to dismiss on both grounds.

## BACKGROUND

Wendt's complaint focuses on his belief that the mass transit system in Chicago is inadequate. The complaint enumerates a number of perceived deficiencies in the system as it currently exists and outlines alternatives that Wendt describes as preferable. Specifically, he claims that the federal funding of a wide variety of transportation projects is both

14

unconstitutional and illegal under several identified federal statutes. He asks the court to declare them so or, in the alternative, declare that federal expenditures for rehabilitating the system require an Environmental Impact Statement ("EIS"). In addition, he asks the court to issue a writ of mandamus requiring the Secretary to consider alternative modes of public transportation to those that exist now.

Federal law authorizes the Secretary of Transportation to make grants and loans to assist localities in financing their transportation projects. 49 U.S.C. § 5301. The Federal Transit Administration ("FTA") administers this program. In the Chicago area, FTA provides funding to the Regional Transportation Authority which oversees the budgets of the CTA, METRA and PACE. Under the FTA program, prospective recipients submit applications for funding. The Secretary must ensure that each funded project complies with applicable federal statutes and regulations, including the National Environmental Protection Act ("NEPA"). Regulations exist which specifically set forth procedures for federal agencies to use to determine whether, when, and how to prepare an EIS. See 40 C.F.R. § 1500-1517. The FTA also has implemented regulations concerning the applicability of environmental impact statements to transportation projects.

Wendt's complaint does not identify specific decisions of the Secretary which have violated this regulatory scheme. Instead, he lists various problems and deficiencies that currently exist within the transit system and proposes solutions which he deems far preferable to those that already have been proposed or made.

## DISCUSSION

A motion to dismiss a complaint does not test whether the plaintiff will prevail on the

merits, but instead whether the plaintiff has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding the motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to the plaintiff. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is properly granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th cir. 1993).

It is well settled that the allegations of a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Such a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

The Secretary's first argument in favor of dismissal is that the court has no subject matter jurisdiction over this matter because Wendt does not have standing to bring this suit. Clearly, there are constitutional limitations on the court's jurisdiction. To be heard, a plaintiff must have standing and be "entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). In Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), the Supreme Court set forth several principles governing the issue of standing. Plaintiff must first show that he has suffered an injury in fact, that is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, plaintiff must show a causal connection between the injury and the conduct complained of, that is, the injury must be fairly traceable to the challenged action

of the defendant, and not the result of an independent action of some third party not before the court. Third, plaintiff must show that it is likely, as opposed to merely speculative, that a favorable decision can redress the injury.

Wendt bears the burden of establishing that he has met these standards. Id. at 561. Further, when standing is challenged as a factual matter (as it is here), Wendt must support the allegations of standing with "competent proof." McMutt v. General Motor Acceptance Corp., 298 U.S. 178, 189 (1936). "Competent proof" requires that a plaintiff demonstrate by a preponderance of the evidence, or proof to a reasonable probability, that standing exists. NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir.), cert. denied, 515 U.S. 1104 (1995).

We agree with the Secretary that Wendt has failed to establish an injury in fact. Wendt must show that the injury alleged must affect him in a personal and individual way. Id. at fn. 1. Standing does not exist for plaintiffs to address issues which amount to "'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." Valley Forge Christian College v. Americans United, 454 U.S. 464, 474-75 (1982). When a dispute involves only a generally available grievance about government involving harm to the plaintiff and every citizen's interest in the proper application of the Constitution, standing does not exist. Marozsan v. United States, 90 F.3d 1284, 1286 (7th Cir. 1996, cert. denied, 520 U.S. 1109 (1997). If courts did not impose this limitation, we would be called upon "to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions...." Warth v. Seldin, 422 U.S. 490, 500 (1975).

The complaint before us clearly alleges the type of generalized grievance we cannot

address. In fact, the only injury Wendt describes in his complaint that he experiences unspecified environmental injuries which are caused by the current system of public transportation which could be alleviated by alternative methods of transportation. If Wendt is right, every citizen in the greater Chicago area suffers the same injury. This is not the 'particularized injury' that Wendt must show to establish standing to sue. See Lujan, 504 U.S. at 560.

Even if Wendt could surmount this hurdle, however, we also do not see a causal connection between the complained of injury and the challenged conduct. Sanner v. Board of Trade, 62 F.3d 918, 923 (7th Cir. 1995). As the Secretary points out, Wendt complains that RTA, CTA, and METRA have used federal funds for the rehabilitation of Chicago's transit system in a manner contrary to methods that Wendt prefers, but he fails to specify how the Secretary of Transportation's actions have injured him in the way he describes. He does not tell us which specific project or action taken in connection with what specific project allegedly caused his injury. Indeed, the environmental injury about which he complains may very well have been the result of the actions taken by others rather than directly caused by the Secretary.

Wendt argues unpersuasively that his standing as a taxpayer confers standing to challenge the expenditure of federal funds for transportation. He is wrong. As the Secretary demonstrated, taxpayers may challenge the constitutionality of federal spending only in limited circumstances. Among other requirements, Wendt's complaint must challenge the exercise of Congress' authority to tax and spend as provided in Article I, Section 8 of the Constitution. Flast v. Cohen, 392 U.S. 83, 102 (1968). Further, he must show that the challenged enactment exceeds the scope of the power conferred by the Constitution to the Congress in Article I, Section 8. Id. Wendt has not done so. In fact, we cannot discern from his complaint specifically what

enactment he challenges, let alone which constitutional provision prohibits it.

Even if Wendt could establish standing, his complaint would still fail to state a cause of action under the NEPA. The NEPA does not provide a private right of action for alleged violations of its provisions. Lujan v. National Wildlife Federation, 497 U.S. 871, 882 (1990). Therefore, Wendt must proceed under the Administrative Procedure Act to seek a remedy for any alleged violation of the NEPA. This requires a final agency action. 5 U.S.C. § 704. Wendt has not identified any such an action. Instead he challenges the implementation of the entire mass transit program in Chicago. Such a generic indictment of the transit system does not state a cause of action. Id. at 890.

## CONCLUSION

For all of the foregoing reasons, we grant the Secretary's motion to dismiss the complaint and terminate this case.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 14, 2000